IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY L. MCGEE, # 16052901, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-1159-G-BH |
| | ) | |
| SEMSO MUSKIC, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** for lack of subject-matter jurisdiction.

**I. BACKGROUND**

On May 2, 2017, the plaintiff, an inmate in the Dallas County Lew Sterrett Detention Center, filed this *pro se* case against his former employer on the form for a civil rights action under 42 U.S.C. § 1983. (doc. 3.) He alleged that the employer failed to maintain insurance on the company tow truck that the plaintiff was driving on August 30, 2015, when he was pulled over and arrested by the Mesquite Police Department for failure to maintain financial responsibility and failure to have possession of a valid license. (*Id.* at 5;[1] doc. 7 at 2.[2]) As a result of the defendant's "negligence," the plaintiff had to bond himself out of jail and pay surcharges. (doc. 3 at 5.) The defendant fired the plaintiff on September 1, 2015, and withheld his paycheck. (doc. 7 at 2.) The plaintiff seeks reimbursement of his bond money and surcharge

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] The plaintiff's answers to the Court's questionnaire (doc. 6) constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

fees, unpaid rent, filing fees, withheld pay, punitive damages, compensatory damages, and an investigation of the defendant. (*Id.* at 2-3, 6.) He contends that the defendant is a citizen of the State of Texas. (*See id.* at 2.) He has previously sued the defendant based on the same facts in Justice of the Peace Court Precinct 3-1 and was not awarded any compensation. (*Id.* at 3.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

### A.   **Lack of Diversity Jurisdiction**

Here, although the plaintiff used the form for a civil rights action under § 1983, it is clear that he is not suing his employer under that statute. (*See* doc. 7 at 4 (stating that he is not contending that his employer is a state actor for purposes of §1983).) The plaintiff's cause of action against the defendant for negligence in failing to maintain financial responsibility arises solely under state law. He neither identifies nor asserts any federal causes of action against the

2

defendant, nor makes any allegation to support any federal cause of action against him.[3]  Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).  Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in the original).  As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, the plaintiff allege that the defendant is a resident of Texas.  He has therefore not met his burden to show that complete diversity exists between the parties, and his state law negligence claim should be dismissed for lack of subject-matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

**B.**     **Rooker-Feldman**

The plaintiff concedes that he previously sued the defendant in the Justice of the Peace Court "based on these same facts" but was not awarded any compensation.  (doc. 7 at 3.)

---

[3]  The plaintiff alleges that federal question jurisdiction exists because the defendant "may have Internal Revenue violations due to paying his employees via cash or check and not paying taxes," but he asserts no causes of action based on this allegation. (*See* doc. 7 at 5.)

The *Rooker-Feldman* doctrine[4] divests federal district courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). Under 28 U.S.C. § 1257, only the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. Accordingly, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). This jurisdictional bar extends even to those cases "'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Here, the plaintiff appears to seek review of the final order of the Justice of the Peace court; he points out that the insurance card provided by the defendant during the hearing was determined to be forged. (doc. 7 at 4.) To the extent that the plaintiff is seeking review of the

---

[4] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

Justice of the Peace's decision, the *Rooker-Feldman* doctrine divests this Court of subject-matter jurisdiction to hear his challenge.

## III. RECOMMENDATION

The plaintiff's claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED on this 1st day of June, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE